IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| ALEJANDRO HUERTA GARCIA, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 9:26-CV-00114 |
| BRET BRADFORD, in his official capacity as § | JUDGE MICHAEL J. TRUNCALE |
| Field Office Director of ICE Enforcement and § | |
| Removal Operations Houston Field Office; § | |
| KRISTI NOEM, in her official capacity as § | |
| Secretary of the Department of Homeland § | |
| Security; U.S. DEPARTMENT OF § | |
| HOMELAND SECURITY; PAM BONDI, in § | |
| her official capacity as Attorney General of the § | |
| United States; EXECUTIVE OFFICE FOR § | |
| IMMIGRATION REVIEW; and § | |
| ALEXANDER SANCHEZ, in his official § | |
| capacity as Warden of the IAH Secure Adult § | |
| Detention Center, § | |
| § | |
| *Respondents*. § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Alejandro Huerta Garcia (Huerta)'s Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Alejandro Huerta Garcia is a Mexican national who entered the United States illegally[1] in 2008. *See* [Dkt. 1-1 at 1, 10]. On September 24, 2025, United States Immigration and Customs Enforcement (ICE) detained Huerta. [Dkt. 1 at ¶ 31].

On February 13, 2026, Huerta brought a habeas corpus petition, claiming that his detention violates the Fourth and Fifth Amendments to the United States Constitution, as well as the

---

[1] In an affidavit attached to his Petition, Huerta stated, in Spanish, that he entered the United States without inspection in 2008. [Dkt. 1-1 at 10]. Entry without inspection is a misdemeanor offense under 8 U.S.C. § 1325(a).

1

Administrative Procedure Act. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Huerta argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1 at ¶ 78]. Even if Huerta were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Huerta's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1 at ¶ 78]. Huerta's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Huerta's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[2] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas

---

[2] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Huerta's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Huerta's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Huerta's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Huerta to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### B. Unlawful Arrest

Huerta also argues that his arrest constituted an unreasonable seizure under the Fourth Amendment. [Dkt. 1 at 20]. However, an unlawful arrest, without more, does not entitle the arrestee to habeas relief. *See Howard v. Allgood*, 272 F. Supp. 381, 384 (E.D. La. 1967) ("[A]n unlawful arrest in itself is not grounds for setting aside an otherwise valid conviction"); *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1910) ("[I]f sufficient ground for [the petitioner's] detention by the government is shown, he is not to be discharged for defects in the original arrest . . . "). Because Huerta illegally entered the United States and remains present in the United States without legal status, he is deportable. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Huerta's ongoing confinement during deportation proceedings is lawful regardless of whether he was lawfully arrested. *See id.* § 1226(a); *Howard*, 272 F. Supp. at 384; *Bilokumsky*, 263 U.S. at 158. Huerta is therefore not entitled to habeas relief. *See Pierre*, 525 F.2d at 935 (emphasis added); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.).

## C. Administrative Procedure Act

Finally, Huerta argues that the Government violated the APA by denying his bond requests. [Dkt. 1 at ¶ 87]. The Court lacks jurisdiction to decide the merits of Huerta's APA claim, since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Accordingly, Huerta must bring his APA claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

## IV. CONCLUSION

It is therefore **ORDERED** that Huerta's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 10th day of March, 2026.**

Michael J. Truncale
United States District Judge